

No. 05-cv-0977
S.D.N.Y. *new tork city*
Buchwald, J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 6th day of March, two thousand and seven.

Present:

HON. PIERRE N. LEVAL,
HON. SONIA SOTOMAYOR,
*Circuit Judges,*
HON. CAROL BAGLEY AMON,
*District Judge.*[*]



UNITED STATES COURT OF APPEALS
FILED
MAR - 6 2007
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

---

Mauro Alberto Acosta, et al.,

    *Plaintiffs-Appellants,*

  v.                                                              No. 06-0995-cv

JPMorgan Chase & Co., et al.,

    *Defendants-Appellees.*

---

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Issued as Mandate: 4/3/07.

| For Appellants: | BRUCE S. KOPPEL, Law Offices of Bruce S. Koppel, Englewood, New Jersey. |
| --- | --- |
| For Appellees: | LOUIS B. KIMMELMAN (Dana C. MacGrath, Karl R. Thompson, *on the brief*), O'Melveny & Myers LLP, New York, New York, *for defendants-appellees* JPMorgan Chase & Co., William B. Harrison, Jr., Brian D. O'Neill, and Joseph M. Martin. |
| | HENRY WEISBURG (James Kim, *on the brief*), Shearman & Sterling LLP, New York, New York, *for defendants-appellees* David C. Mulford and George B. Weiksner. |

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED.

Plaintiffs-appellants, 227 foreign nationals primarily from Argentina, appeal from the January 30, 2006 judgment of the United States District Court for the Southern District of New York (Buchwald, J.) granting defendants-appellees' motion to dismiss their amended complaint on grounds of *forum non conveniens. Acosta v. JPMorgan Chase & Co.*, No. 05 Civ. 977, 2006 WL 229196 (S.D.N.Y. Jan. 30, 2006). Defendants-appellees are JPMorgan Chase & Co. ("JPMC"), William B. Harrison, Jr., Brian D. O'Neill, Joseph M. Martin, Ambassador David C. Mulford, and George B. Weiksner (collectively, "defendants"). We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

The district court is endowed with substantial discretion in deciding a motion for dismissal on grounds of *forum non conveniens. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). This Court reviews a district court's *forum non conveniens* dismissal for clear abuse of discretion. *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003).

As an initial matter, plaintiffs incorrectly contend that the district court erred in making "findings of fact on the motion to dismiss adverse to plaintiffs, when all facts pled in the complaint should, on such a motion, be accepted as true." It has long been the law of this Circuit that "in the determination of a motion to dismiss for *forum non conveniens*, the court may consider affidavits submitted by the moving and opposing parties," *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 645 (2d Cir. 1956), and make findings of fact, *Pollux*, 329 F.3d at 70, 76-77 (identifying "clearly erroneous finding[s] of fact" as grounds for reversing a *forum non conveniens* decision, and rejecting appellants' challenges to the district court's factual findings). Regardless of the standard the district court enunciated, to the extent it made findings of fact

based on the parties' affidavits, it was appropriate for it to have done so.

In evaluating a defendant's motion to dismiss for *forum non conveniens*, a district court must: (1) evaluate the level of deference to which plaintiff's choice of forum is entitled, (2) determine the availability of an "adequate alternative forum," and (3) if such forum exists, balance relevant public and private interests, and conclude, based on that balance, whether plaintiff's choice of forum may stand. *Pollux*, 329 F.3d at 70 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507-09 (1947)).

Plaintiffs claim their choice of forum should be accorded "significant deference." Deference is strongest "when a plaintiff sues in his home forum," *id*. at 71, but "a foreign plaintiff's choice [of forum] deserves less deference," *Piper*, 454 U.S. at 256. All plaintiffs in the current action are foreign nationals. As the district court noted, while not dispositive, this fact is "relevant . . . in assessing relative convenience."[2]

Moreover, any degree of deference to plaintiffs' choice to sue in defendants' home forum (as opposed to plaintiffs' home forum) is available only to the extent that plaintiffs or the case possess a "*bona fide* connection[]" to this forum. *Pollux*, 329 F.3d at 74. The connections to the United States alleged by plaintiffs, however, are insubstantial in light of the fact that the vast majority of the activities alleged in the complaint were committed by foreign nationals on foreign soil. Plaintiffs thus fail to allege a *bona fide* connection that justifies granting substantial deference to their choice of forum.

Plaintiffs also allege that the district court erred in concluding that the courts of Uruguay are an adequate and available alternative forum. We disagree. An alternative forum is generally adequate and available when defendants are amenable to jurisdiction in that forum, unless "'the remedy offered by the other forum is clearly unsatisfactory.'" *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 476-77 (2d Cir. 2002) (quoting *Piper*, 454 U.S. at 255 n.22). Because defendants stipulate that they consent to jurisdiction for claims raised in the original complaint, plaintiffs' only remaining claim is that the courts of Uruguay are too biased and corrupt to provide an adequate remedy.[3]

---

[2] Plaintiffs also argue that a forum selection clause in a 1990 Shareholder Agreement, to which JPMorgan Chase & Co.'s alleged predecessor-in-interest was a party, but to which no current defendants were parties and no plaintiff is either party or beneficiary, proves that New York is a convenient forum for the current defendants. As the district court noted, even if the parties had been signatories, the agreement to which plaintiffs refer applies only to contract and tort claims arising under that agreement.

[3] Plaintiffs do not renew their argument regarding the delay of relief in the Uruguayan courts, and thus that argument is waived. *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

The district court found plaintiffs' claims of corruption "unsubstantiated" and "not compelling." The courts of Uruguay have and are exercising subject matter jurisdiction over these matters, as is evidenced by the pending civil and criminal litigation in Uruguay.[4] *See Piper*, 454 U.S. at 255 n.22 ("[D]ismissal [for *forum non conveniens*] would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute."). While plaintiffs' expert testified that it was unlikely that Uruguayan courts would hand down a judgment adverse to the economically powerful defendants, defendants' expert noted the Uruguayan government's ongoing, aggressive litigation against defendants. In light of the evidence before it, it was not error for the district court to credit defendants' argument that the Uruguayan courts were not biased. *See Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukr.*, 311 F.3d 488, 499 (2d Cir. 2002) (refusing to find foreign courts corrupt or biased where plaintiff advanced conclusory and sweeping generalizations).

Plaintiffs claim further that the district court improperly weighed the private and public interest factors and that those factors dictated New York as a more convenient forum. Plaintiffs did not challenge the district court's finding that the alleged fraudulent acts occurred in Uruguay and Argentina. Specifically, plaintiffs argue that the district court's determination that the majority of the relevant documents are in Uruguay and Argentina is "irrelevant to the extent that it is true," and that contrary to the district court's determination witnesses are found in Argentina, Uruguay *and* the United States. We find nothing unreasonable in the district court's conclusion, based on defendants' evidence, that "nearly all of the relevant non-party witnesses" are in Argentina and Uruguay, and that the inconvenience of transporting witnesses and translating documents from Spanish to English weighed in favor of dismissal.

In considering the public factors specified in *Gilbert*, 330 U.S. at 508-09, the district court reasonably found that the resolution of this case "will require extensive applications of both Uruguayan and Argentine law," and that the interest of the United States pales compared to the "immense interest" of Uruguay. This analysis of the public interests did not "fail[] to consider all the relevant factors or unreasonably balance[] those factors." *Pollux*, 329 F.3d at 70.

For the foregoing reasons, we AFFIRM the judgment of the district court.

A TRUE COPY
Thomas W. Asreen, Acting Clerk

by *[signature]*

DEPUTY CLERK

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: *[signature]* Lucille Carr

---

[4] As defendants note, the adequacy of remedy available in Uruguayan courts is supported by the choice of over one hundred of the plaintiffs in the district court action to pursue their claim in Uruguayan court rather than join in this appeal.